UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EARL LEE DOREY,

    Plaintiff,

v.                                                                  Case No. 5:22-cv-657-WFJ-PRL

HANS HARTMANN, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on Defendants' partial motion to dismiss Plaintiff Earl Lee Dorey's complaint. (Doc. 20). Mr. Dorey, who is proceeding *pro se* and *in forma pauperis*, filed a response in opposition. (Doc. 23). Upon careful consideration, the Court **GRANTS** the motion.

**I.  Background**

For purposes of this motion, the Court accepts the factual allegations in the complaint as true. On the evening of September 26, 2019, Mr. Dorey was sitting in his car outside his house in Oxford, Florida. (Doc. 1 at 5). Deputies Hans Hartmann, Hector Otero, and Joseph Katich entered Mr. Dorey's yard "without a warrant or probable cause." (*Id.*) The deputies "snuck up unannounced" and banged on the car with flashlights. (*Id.*) Startled and unaware that the deputies were law enforcement, Mr. Dorey "pulled [his car] forward" and then "reverse[d]." (*Id.*) Once he realized who the deputies were, Mr. Dorey put his hands "out the window." (*Id.*)

The deputies pulled Mr. Dorey from the car, "ripping [his] rotator cu[ff]" in the process. (*Id.* at 6). Deputy Hartmann struck Mr. Dorey on the top of his head with a flashlight, then held Mr. Dorey down by placing a knee on his neck. (*Id.*) While in that position, Deputy Hartmann punched Mr. Dorey in the face "7 to 10 times until blood squirted out [of his] eyes." (*Id.*) At this point, Mr. Dorey's pregnant girlfriend exited the house and approached the deputies. (*Id.*) Deputy Otero applied his Taser to her stomach, then kicked Mr. Dorey in the ribs as he lay on the ground yelling, "She's pregnant[,] officer." (*Id.*) Following his arrest, Mr. Dorey was taken to the Villages Hospital. (*Id.*)

Based on these events, Mr. Dorey pled *nolo contendere* to battery on a law enforcement officer and possession of drug paraphernalia, for which he was sentenced to a term of 50 months' imprisonment.[1] (Doc. 20-1). He alleges that these charges were "fabricated," that the deputies "lied on police documents," and that they "arrested [him] without probable cause." (Doc. 1 at 6).

In the present action, Mr. Dorey sues Deputies Hartmann, Otero, and Katich in their individual and official capacities. (*Id.* at 2-3) He also sues the Sumter County Sheriff's Office. (*Id.* at 3). Liberally construed, the complaint raises Fourth Amendment claims for excessive force, false arrest, and malicious prosecution, as well as state law claims for false arrest and malicious prosecution. (*Id.* at 3-4, 6). Mr. Dorey seeks monetary damages and various forms of injunctive relief. (*Id.* at 5).

---

[1] This Court "may take judicial notice of [Mr. Dorey's] convictions pursuant to" Federal Rule of Evidence 201(b) without "convert[ing] the motion [to dismiss] into a motion for summary judgment." *Brown v. McGee*, No. 5:13-cv-366-RS-GRJ, 2015 WL 2238547, at *4 (N.D. Fla. May 12, 2015).

Defendants now move to dismiss the false arrest and malicious prosecution claims on the ground that they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] (Doc. 20 at 4). They also contend that, because the Sumter County Sheriff's Office is "not a properly suable entity," it should be dismissed from this action, with the Sheriff of Sumter County substituted in its place. (*Id.* at 2). Finally, Defendants argue that the claims against the deputies in their official capacities "should be dismissed as duplicative of claims against the Sheriff in his official capacity." (*Id.* at 6).

## II.   Standard of Review

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration should be limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed*.*" *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

---

[2] Defendants do not seek dismissal of the excessive force claims.

### III. Analysis

#### A. Sumter County Sheriff's Office

Defendants correctly contend that the Sumter County Sheriff's Office is not a legal entity subject to suit. (Doc. 20 at 5). "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also* Fed. R. Civ. P. 17(b). "Under Florida law, sheriff's offices lack the legal capacity to be sued." *Wilk v. St. Lucie Cnty. Fla. Sheriff Off.*, 740 F. App'x 658, 662 (11th Cir. 2018); *accord Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established [s]heriff's offices as separate legal entities with the capacity to be sued."). Accordingly, Mr. Dorey cannot pursue claims against the Sumter County Sheriff's Office in this action.

Defendants are also correct that the Sheriff of Sumter County, rather than the Sumter County Sheriff's Office, is the proper defendant. *See Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1361 (S.D. Fla. 2016) ("[T]he Sheriff in his official capacity, and not the county 'Sheriff's Office,' is the proper party to an action against the Sheriff or any employee of the Sheriff's Office."); *Ramirez v. Hillsborough Cnty. Sheriff's Office*, No. 8:10-cv-1819-SDM-TBM, 2011 WL 976380, at *1 (M.D. Fla. Mar. 18, 2011) ("Hillsborough County Sheriff David Gee—and not the 'Hillsborough County Sheriff's Office'—is the proper party to an action against the Sheriff."); *Crenshaw v. Lister*, No. 2:03-cv-134-JES-SPC, 2008 WL 151881, at *9 (M.D. Fla. Jan. 15, 2008) ("In Florida, a

county Sheriff in his official capacity is the proper defendant rather than the County Sheriff's Office. Therefore the proper party is Sheriff Davenport." (citation omitted)).

Accordingly, the Court dismisses the Sumter County Sheriff's Office from this action and substitutes Sheriff William O. Farmer, Jr., in his official capacity, as a defendant.

### B.   Official Capacity Claims Against the Deputies

As noted above, Mr. Dorey sues Deputies Hartmann, Otero, and Katich in their individual and official capacities. (Doc. 1 at 2-3). Defendants argue that the official capacity claims against the deputies "should be dismissed as duplicative of claims against the Sheriff in his official capacity." (Doc. 20 at 6). The Court agrees.

"[W]hen an officer is sued under [§] 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). "Such suits against municipal officers are therefore, in actuality, suits directly against the [municipality] that the officer represents." *Id.* Because Sheriff Farmer is now a defendant in his official capacity, the official capacity claims against the deputies are duplicative and must be dismissed. *See Pinto v. Collier Cnty.*, No. 2:19-cv-551-TPB-MRM, 2020 WL 2219185, at *3 (M.D. Fla. May 7, 2020) (noting that "the official capacity claims against the deputies are duplicative of the claims against Sheriff Rambosk in his official capacity"); *Major v. Ramsay*, No. 17-21160-CIV, 2018 WL 6028052, at *4 (S.D. Fla. Aug. 1, 2018) ("[P]ursuant to Eleventh Circuit precedent, the § 1983 lawsuit against Deputy Sheriffs Age, Crane, Silvers, Woods,

and Williams, in their official capacity, is redundant to the suit against Sheriff Ramsay, in his official capacity.").

### C. *Heck v. Humphrey*

Finally, Defendants contend that *Heck* bars Mr. Dorey's false arrest and malicious prosecution claims. (Doc. 20 at 6-8). Under *Heck*, a plaintiff's § 1983 claims must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The plaintiff may proceed only after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Simply put, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[3] *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Dorey's false arrest and malicious prosecution claims rest on the allegation that Defendants "fabricated" the charges stemming from the September 26, 2019 incident. (Doc. 1 at 6). The charges included battery on a law enforcement officer and possession of

---

[3] *Heck* applies with equal force to claims under Florida law that undermine the validity of a criminal conviction. *See Behm v. Campbell*, 925 So. 2d 1070, 1073 (Fla. 5th DCA 2006) ("In order to prevail in his civil action for false arrest/imprisonment, trespass and battery, [plaintiff] would have to negate an element of the offense of which he has been convicted. Such a collateral attack on the conviction through the vehicle of a civil suit is not permitted.").

drug paraphernalia. (Doc. 20-1 at 1). Mr. Dorey subsequently pled *nolo contendere* to those two offenses, and he remains imprisoned for them.[4] (*Id.* at 5). A finding that Defendants "fabricated" the charges against Mr. Dorey "would necessarily imply the invalidity of his conviction[s]" for battery on a law enforcement officer and possession of drug paraphernalia. *Heck*, 512 U.S. at 487. Thus, because Mr. Dorey does not—and cannot—allege that his convictions have been invalidated, *Heck* bars his claims for false arrest and malicious prosecution. *See, e.g.*, *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that *Heck* barred "damages claims [that] rest[ed] on the contention that the defendants unconstitutionally conspired to convict [plaintiff] of crimes he did not commit"); *Clement v. McCarley*, 708 F. App'x 585, 589 (11th Cir. 2017) ("[Plaintiff's] false arrest claim was barred by *Heck*. His claim would clearly imply the invalidity of his convictions because it is based on the assertion that there was no probable cause to believe he had committed the offense for which he was convicted.").

## IV. Conclusion

Accordingly, it is **ORDERED** that:

1. Defendants' partial motion to dismiss (Doc. 20) is **GRANTED**.

    a. The Sumter County Sheriff's Office is **DISMISSED** from this action. The Clerk is **DIRECTED** to substitute Sheriff William O. Farmer, Jr., in his official capacity, as a defendant.

---

[4] "Under Florida law, *nolo* pleas are considered convictions." *Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019).

b. The official capacity claims against Deputies Hartmann, Otero, and Katich are **DISMISSED with prejudice**.

c. The claims for false arrest and malicious prosecution under the Fourth Amendment and Florida law are **DISMISSED without prejudice**. Mr. Dorey may not raise his false arrest and malicious prosecution claims unless and until his convictions have been invalidated as required by *Heck*.

**DONE** and **ORDERED** in Ocala, Florida, on October 5, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE