### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**EARL LEE DOREY,**

      **Plaintiff,**

**v.**                                **Case No. 5:22-cv-657-WFJ-PRL**

**HANS HARTMANN, et al.,**

      **Defendants.**

_____/

### ORDER

This matter comes before the Court on Plaintiff Earl Lee Dorey's "motion requesting more time and discovery/stay." (Doc. 44). In his motion, Mr. Dorey asks this Court to deny Defendants' motion for summary judgment and stay the proceedings until he is released from prison and can better present an effective case.[1] (Doc. 44 at 1). Mr. Dorey alleges that Defendants did not respond to his discovery requests and complains about the complexity of the discovery rules. (Doc. 44 at 1). Mr. Dorey also asserts his status as an indigent pro se litigant in prison with limited access to legal resources. (Doc. 44 at 1).

Federal Rule of Civil Procedure "56(d) provides shelter against a premature motion for summary judgment 'when facts are unavailable to the nonmovant.'" *Est. of Todashev by Shibly v. United States*, 815 F. App'x 446, 450–51 (11th Cir. 2020) (quoting Fed. R. Civ. P. 56(d)). When faced with a Rule 56(d) motion, a district court may

---

[1] Dorey claims he will be released no later than May 15, 2025. (Doc. 44 at 1).

defer consideration of a pending motion for summary judgment; deny the motion for summary judgment; "allow additional time to obtain affidavits or declarations or to conduct discovery[;] or issue another appropriate order." *Id.* The Court's ruling on a Rule 56(d) motion is discretionary. *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989) (citations omitted); *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1338–39 (11th Cir. 2012).

Mr. Dorey asks the Court to deny Defendants' motion for summary judgment apparently because the facts required to refute the motion are not available to him. Consequently, the Court liberally construes his filing as a motion under Rule 56(d) to deny Defendants' motion for summary judgement and stay proceedings until his release. Further, because the discovery period is over, Mr. Dorey's motion is also liberally construed as requesting the Court to reopen discovery once the stay is lifted. *See Davken, Inc., v. City of Daytona Beach Shores*, No. 6:04-cv-207-Orl-19DAB, 2006 WL 1232819, at *4 (M.D. Fla. May 5, 2006) (A motion to reopen discovery "on an issue that is pending before the [c]ourt at the summary judgment stage is evaluated under Federal Rule of Civil Procedure 56[(d)].").[2]

Rule 56(d) contemplates a situation in which one party files a motion for summary judgment before discovery is complete. *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983). Rule 56(d) motions are frequently "denied where

---

[2] "Effective December 1, 2010, Rule 56(f) was reclassified as Rule 56(d) with no substantial change." *Est. of Todashev by Shibly*, 815 F. App'x at 450 n.4 (citing Fed. R. Civ. P. 56, Advisory Committee notes to the 2010 amendments). Accordingly, "[i]n this [order], pertinent caselaw that refers to such motions as [']Rule 56(f) motions['] has been altered to '56[(d)].'" *See id.*

the failure to obtain timely discovery was due to inactivity or delay." *Ward v. Anixter, Inc.*, No. 1:21-CV-0468-SEG, 2023 WL 11909432, at *14 (N.D. Ga. Oct. 17, 2023) (citations omitted); *see Est. of Todashev by Shibly*, 815 F. App'x at 454 (collecting cases); *Barfield*, 883 F.2d at 932; *Franklin v. Caterpillar, Inc.*, 2015 WL 535655, *11 (N.D. Ala. Feb. 10, 2015) (citing *Virgilio v. Ryland Group, Inc.*, 680 F.3d at 1338–39); *Cordero v. Readiness Management Support, L.C.*, No. 6:11-CV-1692-ORL-19, 2012 WL 3744513, *3 (M.D. Fla. Aug. 29, 2012) ("[A] party will not be entitled to conduct further discovery under Rule 56(d) whe[n] the absence of evidence essential to that party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery.").

On October 12, 2023, this Court entered a scheduling order setting the discovery deadline on March 29, 2024, and the summary judgment deadline on June 3, 2024. (Doc. 32). On the same day, Mr. Dorey filed a motion to compel the Sumter County Sheriff's Office to produce documents. (Doc. 33). The Court denied the motion because Mr. Dorey provided no indication that he requested the documents from Defendants before seeking court intervention. (Doc. 35). Mr. Dorey did not file any other discovery related motions. On March 29, 2024, the discovery deadline passed. (Doc. 32). On June 3, 2024, the deadline to move for summary judgment, Defendants filed their motion for summary judgment. (Docs. 32, 37). On August 12, 2024, Mr. Dorey responded to Defendants' motion. (Doc. 42). On November 25, 2024, almost eight months after the discovery deadline passed and almost six months after

Defendants filed their motion for summary judgment, Mr. Dorey filed the Rule 56(d) motion. (*See* Docs. 32, 37, 44).

This is not a situation in which Mr. Dorey "has not had the opportunity to discover information that is essential to his opposition." *See Est. of Todashev by Shibly*, 815 F. App'x at 450 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The Court's scheduling order set forth the discovery and summary judgment deadlines. (Doc. 32). In addition, the order denying Mr. Dorey's motion to compel set forth the requirement to serve Defendants with discovery requests before seeking court intervention and instructed Mr. Dorey to refer to the Federal Rules of Civil Procedure regarding discovery. (Doc. 35). Mr. Dorey does not explain his failure to conduct discovery during the discovery period. There is no indication that Mr. Dorey ever propounded discovery upon Defendants, in accordance with the Federal Rules of Civil Procedure, other than the bare accusation in his Rule 56(d) motion that "Defendants have not complied with discovery requests." (Doc. 44). If Defendants failed to respond to Mr. Dorey's discovery requests, he could have filed a motion to compel during the six-month discovery period. Moreover, if Mr. Dorey required additional time, he could have moved to continue discovery before the discovery period ended. Mr. Dorey does not explain his failure to do so.

Mr. Dorey cannot now request a stay to conduct more discovery, eight months after the discovery deadline passed, when he had ample opportunity to engage in discovery but failed to diligently prosecute his case. *See Banks v. Warden*, No. 21-12862, 2024 WL 1232088, at *8 (11th Cir. Mar. 22, 2024) (upholding a district court's denial

of a Rule 56(d) motion when the plaintiff was aware of the discovery deadline and defendant's outstanding discovery responses but "did not timely seek to extend or reopen discovery[]"); *Black Box Royalties, Inc. v. Universal Music Publ'g, Inc.*, 839 F. App'x 346, 349 (11th Cir. 2020) (upholding a district court's denial of a Rule 56(d) motion because plaintiff did not propound discovery upon defendant despite a clear scheduling order that gave the parties four months to complete discovery" and a discovery extension); *Smith v. Acting Sec'y, United States Dep't of Homeland Sec.*, 819 F. App'x 774, 776 (11th Cir. 2020) (finding that a party's "failure to diligently pursue discovery by filing a motion to compel," "seek a continuance[,] or allege facts supporting a continuance, were sufficient reasons for the district court to refuse to allow [him] additional discovery time"); *Rollins v. Bd. of Tr. of the Univ. of Ala.*, 647 F. App'x 924, 937 (11th Cir. 2016) (upholding a district court's denial of a Rule 56(d) motion when the parties were given ample time for discovery and granted several extensions and plaintiff did not show that additional discovery would aid his case); *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 776 (11th Cir. 2016) (upholding a district court's denial of a Rule 56(d) motion when the party "was not diligent in completing her discovery"); *Barfield*, 883 F.2d at 932 (upholding a district court's denial of a Rule 56(d) motion when the party "had ample time and opportunity for discovery, yet failed to diligently pursue his options" and filed his Rule 56(d) motion three days after the deadline to file a motion for summary judgment); *Cordero v. Readiness Mgmt. Support, L.C.*, No. 6:11-CV-1692-ORL-19, 2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012) (denying a Rule 56(d) motion when "the absence of

evidence essential to th[e] party's case [was] the result of th[e] party's lack of diligence in pursuing such evidence through permitted methods of discovery"); *but see Est. of Todashev by Shibly*, 815 F. App'x at 450–51 (overruling a district court's denial of a Rule 56(d) motion seeking to stay consideration of a motion for summary judgement filed before the discovery period).

In addition, "[a] party seeking the shelter of rule 56[(d)] must offer an affidavit explaining to the court why he is unable to make a substantive response" to the motion for summary judgment. *Wallace*, 703 F.2d at 527. "[A] party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but 'must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019) (quoting *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)). Mr. Dorey claims that once he is released he will have "the ability to present his claim[,] supporting legal facts[,] 'statute numbers[,]' [and] discovery expert testimony[.]" (Doc. 44 at 1). More specifically, Mr. Dorey states that a "medical expert will prove the scar" on his head was caused by Defendants, a fact that does not appear to be in dispute.[3] Therefore, Mr. Dorey has not demonstrated how additional discovery will allow him to show a genuine issue of material fact.

---

[3] Defendants admit in their motion for summary judgment that Defendant Hans Hartmann struck Mr. Dorey on the back of the head causing a laceration and bruises and requiring stitches but argue that the force Mr. Hartmann used was reasonable under the circumstances. (Doc. 20 at 20).

Further, Mr. Dorey takes issue with the discovery rules that he alleges "clearly put him at a disadvantage" and prevent him from "presenting an effective case." (Doc. 44 at 1). The Federal Rules of Civil Procedure will apply to this case whether it proceeds now or in May and the Court thus finds this justification unpersuasive. *See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (Pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). The Court finds that a stay and a reopening of discovery is not justified in this case and therefore denies Mr. Dorey's motion.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's motion to stay and reopen discovery (Doc. 44) is **DENIED**.

2. This case will proceed on the current record and the Court will rule on Defendants' motion for summary judgment (Doc. 37).

**DONE AND ORDERED** at Tampa, Florida on January 14, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record
Pro Se Party