UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**EARL LEE DOREY,**

    Plaintiff,

v.                                                      Case No. 5:22-cv-657-WFJ-PRL

**HANS HARTMANN, et al.,**

    Defendants.

_____/

**ORDER**

This matter comes before the Court on Plaintiff Earl Lee Dorey's motion to reconsider the order granting summary judgment in the defendants' favor (Doc. 66), second motion to reconsider the order granting summary judgment in the defendants' favor (Doc. 69), and motion to reconsider the order denying Mr. Dorey's motion to appeal in forma pauperis (Doc. 68).

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* Fed. R. Civ. P. 59(e), 60(b). Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, [or] raise argument[s] or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). To prevail on a motion to reconsider, the movant must

1

identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).

Mr. Dorey vaguely claims that the order granting summary judgment in the defendants' favor "overlooks disputed material facts, misapplies governing legal standards, and relies on [an] incorrect interpretation of video evidence[.]" (Doc. 66 at 1). Mr. Dorey also alleges that "newly discovered and previously suppressed facts show that the use of force was not objectively reasonable[.]" (Doc. 66 at 2). Notably, Mr. Dorey does not particularize a single "newly discovered fact" or "misapplied governing legal standard." Mr. Dorey does not justify reconsideration, but rather, attempts to relitigate old matters. Accordingly, Mr. Dorey's motions to reconsider the order granting summary judgment in the defendants' favor (Docs. 66, 69) are **DENIED**.

In his motion to reconsider the denial of his motion to appeal in forma pauperis, Mr. Dorey again attempts to relitigate old issues and does not identify any meritorious issues to raise on appeal. (*See* Doc. 68). Therefore, Mr. Dorey's motion to reconsider the order denying his motion to appeal in forma pauperis (Doc. 68) is **DENIED**. As this Court stated in the motion denying Mr. Dorey's motion to appeal in forma pauperis (Doc. 65), any future request to proceed in forma pauperis should be sent directly to the Eleventh Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

Accordingly, it is hereby

**ORDERED**:

1. Mr. Dorey's motion to reconsider the order granting summary judgment in the defendants' favor (Doc. 66) is **DENIED**.

2. Mr. Dorey's motion to reconsider the order denying his motion to appeal in forma pauperis (Doc. 68) is **DENIED**.

3. Mr. Dorey's second motion to reconsider the order granting summary judgment in the defendants' favor (Doc. 69) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on April 21, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of Record
Pro Se Party